[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11304-D
_____

IN RE: TROY ROBINSON,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges:

ORDER:

Troy Robinson seeks authorization to file a second or successive 28 U.S.C.

§ 2255 motion.   We can authorize such a filing only if we certify that the second or

successive motion is based on "a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h)(2).   Robinson was sentenced using the Armed Career Criminal

Act (ACCA), which requires a minimum 15-year sentence when a defendant with

three "violent felony" or "serious drug offense" convictions commits certain

firearms offenses.   18 U.S.C. § 924(e).   ACCA gives three definitions of "violent felony."   First, § 924(e)(2)(B)(i) covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." This is known as the "elements clause."   Second, § 924(e)(2)(B)(ii) covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."   The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause."

Robinson's application is based on Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), which held that ACCA's "residual clause" is unconstitutional.   This Court held months ago that Johnson cannot serve as the basis for a second or successive § 2255 motion because the Supreme Court did not "make" Johnson retroactive.   See In re Franks, No. 15-15456, __ F.3d __ (11th Cir. Jan. 6, 2016).   The Supreme Court has held that the rule announced in Johnson is retroactive because it is a substantive rule of constitutional law.   See Welch v. United States, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016).   This means Franks is no longer good law.

However, even without Franks, the rule announced in Johnson does not benefit Robinson.   Robinson's ACCA sentence was based on convictions for two

2

serious drug offenses, as well as convictions for armed robbery and for aggravated battery with a firearm.   All these convictions were for Florida offenses.   Even if the armed robbery offense doesn't count under the residual clause because of Johnson, it appears to contain "as an element the use, attempted use, or threatened use of physical force against the person of another."   18 U.S.C. § 924(e)(2)(B)(i); see United States v. Lockley, 632 F.3d 1238, 1245 (11th Cir. 2011).   So does the aggravated battery with a firearm offense.   See United States v. Hill, 799 F.3d 1318, 1321–22 & n.1 (11th Cir. 2015) (per curiam); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1341 (11th Cir. 2013) (per curiam).   Neither Johnson nor any other case suggests that Robinson's armed robbery and aggravated battery offenses don't count as ACCA predicates under the "elements clause."   Indeed our precedent says otherwise.   This means Robinson's sentence is valid even without ACCA's "residual clause."

**APPLICATION DENIED.**

3

MARTIN, Circuit Judge, concurring in judgment:

I agree that Troy Robinson cannot benefit from <u>Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551 (2015), because his sentence is valid even without the residual clause.   I write separately to note that Mr. Robinson is one of dozens of prisoners who has tried to file similar applications based on <u>Johnson</u>.   Prior to yesterday's decision in <u>Welch v. United States</u>, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016), all these applicants were turned away from our Court not because <u>Johnson</u> wouldn't benefit them but because our Court held that <u>Johnson</u> could not apply in these cases.   Some of those who filed applications in other courts have already been freed because they were serving an unconstitutional prison sentence.[1] As best I can tell, all the prisoners we turned away may only have until June 26, 2016, to refile applications based on <u>Johnson</u>.   See <u>Dodd v. United States</u>, 545 U.S. 353, 359, 125 S. Ct. 2478, 2482–83 (2005).

Although I have not taken the time to investigate the merits of these cases, below is a list of every case I know of in which this court denied an application from a prisoner seeking to file a second or successive 28 U.S.C. § 2255 petition based on

---

[1]  See, e.g., <u>Rivera v. United States</u>, No. 3:13-cv-1742 (D. Conn. Oct. 6, 2015) ("Rivera's successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is GRANTED. Rivera's immediate release is ordered, because he has now served more than the statutory maximum for the offense of conviction." (citation omitted)); <u>United States v. Price</u>, No. 2:15-cv-292 (N.D. Ind. Aug. 25, 2015) (ordering a sentence reduction that "would appear to result in [a successive habeas petitioner]'s immediate eligibility for release from prison").

4

Johnson.   I share this list in the hope that these prisoners, who filed their

applications without a lawyer's help, may now know to refile their applications.   I

have separated out the cases that arise under the residual clause in the Armed Career

Criminal Act (ACCA) and the cases that arise under the identical language in United

States Sentencing Guidelines § 4B1.2 (which includes cases for which the

guidelines were mandatory together with those for which the guidelines were

advisory).[2]   I have also listed the district court in which each sentence was imposed,

to the extent Federal Public Defender and U.S. Attorney offices are monitoring these

cases.

### ACCA cases

1.      In re McGee, No. 15-13369 (11th Cir. Aug. 6, 2015) (M.D. Fla.)

2.      In re Rose, No. 15-13247 (11th Cir. Aug. 7, 2015) (M.D. Fla.)

---

[2] I include this last category of cases even though our Court has ruled that Johnson doesn't apply to the advisory guidelines.   See United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015). In my view Matchett was wrongly decided.   All ten of the other courts of appeals that have decided this question have either held or assumed that Matchett is incorrect.   See United States v. Soto-Rivera, 811 F.3d 53 (1st Cir. 2016); United States v. Welch, No. 12-4402 (2d Cir. Feb. 11, 2016); United States v. Townsend, No. 14-3652 (3d Cir. Dec. 23, 2015); United States v. Frazier, 621 F. App'x 166 (4th Cir. 2015); United States v. Estrada, No. 15-40264 (5th Cir. Oct. 27, 2015); United States v. Darden, 605 F. App'x 545 (6th Cir. 2015); Ramirez v. United States, 799 F.3d 845 (7th Cir. 2015); United States v. Taylor, 803 F.3d 931 (8th Cir. 2015); United States v. Benavides, 617 F. App'x 790 (9th Cir. 2015); United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015).   Some courts have also granted applications to file second or successive § 2255 motions challenging advisory § 4B1.2 sentences based on Johnson.   See, e.g., Swanson v. United States, No. 15-2776 (7th Cir. Sept. 4, 2015).   And where district courts have been able to decide the issue, they have begun to hold that Johnson applies to advisory § 4B1.2 sentences in § 2255 cases.   See, e.g., United States v. Dean, No. 3:13-CR-137, 2016 WL 1060229 (D. Or. Mar. 15, 2016).   I believe our Court should be granting leave to file § 2255 motions in these cases as well.

3.    In re Rowe, No. 15-13355 (11th Cir. Aug. 24, 2015) (M.D. Ga.)

4.    In re Hammons, No. 15-13606 (11th Cir. Aug. 31, 2015) (S.D. Fla.)

5.    In re Lampley, No. 15-13562 (11th Cir. Sept. 1, 2015) (M.D. Fla.)

6.    In re Nix, No. 15-13618 (11th Cir. Sept. 1, 2015) (S.D. Fla.)

7.    In re Seabrook, No. 15-13625 (11th Cir. Sept. 1, 2015) (S.D. Ga.)

8.    In re Smith, No. 15-13647 (11th Cir. Sept. 4, 2015) (M.D. Fla.)

9.    In re Boykin, No. 15-13646 (11th Cir. Sept. 4, 2015) (N.D. Ala.)

10.    In re Johnson, No. 15-13678 (11th Cir. Sept. 4, 2015) (S.D. Fla.)

11.    In re Casado, No. 15-13682 (11th Cir. Sept. 4, 2015) (S.D. Fla.)

12.    In re Middleton, No. 15-13683 (11th Cir. Sept. 4, 2015) (N.D. Fla)

13.    In re Sharp, No. 15-13795 (11th Cir. Sept. 14, 2015) (M.D. Fla.)

14.    In re Corey, No. 15-13753 (11th Cir. Sept. 15, 2015) (S.D. Fla.)

15.    In re Safeeullah, No. 15-13782 (11th Cir. Sept. 21, 2015) (N.D. Ga.)

16.    In re Williams, No. 15-13954 (11th Cir. Oct. 2, 2015) (S.D. Fla.)

17.    In re Carter, No. 15-14106 (11th Cir. Oct. 13, 2015) (M.D. Fla.)

18.    In re Joe, No. 15-14320 (11th Cir. Oct. 16, 2015) (M.D. Fla.)

19.    In re Nice, No. 15-14330 (11th Cir. Oct. 20, 2015) (S.D. Fla.)

20.    In re Mitchell, No. 15-14329 (11th Cir. Oct. 27, 2015) (N.D. Ala.)

21.    In re Olds, No. 15-14672 (11th Cir. Nov. 4, 2015) (N.D. Fla.)

6

22.    In re Mitchell, No. 15-14681 (11th Cir. Nov. 12, 2015) (N.D. Fla.)

23.    In re Owens, No. 15-14972 (11th Cir. Nov. 23, 2015) (M.D. Fla.)

24.    In re Gibson, No. 15-15087 (11th Cir. Nov. 30, 2015) (S.D. Fla.)

25.    In re: Harper, No. 15-15103 (11th Cir. Dec. 2, 2015) (N.D. Ga.)

26.    In re Matthews, No. 15-15216 (11th Cir. Dec. 8, 2015) (M.D. Ga.)

27.    In re Jackson, No 15-15200 (11th Cir. Dec. 11, 2015) (M.D. Fla.)

28.    In re Wilks, No. 15-15434 (11th Cir. Dec. 23, 2015) (S.D. Fla.)

29.    In re Mims, No. 15-15521 (11th Cir. Dec. 29, 2015) (S.D. Fla.)

30.    In re Jackson, No. 15-15381 (11th Cir. Dec. 31, 2015) (N.D. Ala.)

31.    In re Carter, No. 15-15435 (11th Cir. Jan. 5, 2016) (S.D. Fla.)

32.    In re Gomez, No. 15-15524 (11th Cir. Jan. 5, 2016) (S.D. Fla.)

33.    In re Shade, No. 15-15528 (11th Cir. Jan. 5, 2016) (M.D. Fla.)

34.    In re Franks, No. 15-15456 (11th Cir. Jan. 6, 2016) (S.D. Fla.)

35.    In re Starks, No. 15-15493 (11th Cir. Jan. 8, 2016) (M.D. Fla.)

36.    In re Martin, No. 15-15522 (11th Cir. Jan. 11, 2016) (M.D. Fla.)

37.    In re French, No. 15-15527 (11th Cir. Jan. 12, 2016) (S.D. Fla.)

38.    In re Garner, No. 15-15752 (11th Cir. Jan. 29, 2016) (S.D. Ala.)

39.    In re Witchard, No. 16-10036 (11th Cir. Feb. 2, 2016) (M.D. Fla.)

40.    In re Cauley, No. 16-10012 (11th Cir. Feb. 3, 2016) (S.D. Fla.)

7

41. In re Lamb, No. 16-10045 (11th Cir. Feb. 3, 2016) (M.D. Fla.)

42. In re Roundtree, No. 16-10009 (11th Cir. Feb. 4, 2016) (M.D. Fla.)

43. In re Elam, No. 16-10062 (11th Cir. Feb. 8, 2016) (S.D. Fla.)

44. In re Brown, No. 16-10108 (11th Cir. Feb. 9, 2016) (N.D. Ala.)

45. In re Brown, No. 16-10166 (11th Cir. Feb. 12, 2016) (S.D. Ga.)

46. In re Diaz, No. 16-10212 (11th Cir. Feb. 18, 2016) (S.D. Fla.)

47. In re Strickland, No. 16-10372 (11th Cir. Feb. 22, 2016) (M.D. Fla.)

48. In re Covington, No. 16-10306 (11th Cir. Feb. 23, 2016) (M.D. Fla.)

49. In re Nice, No. 16-10373 (11th Cir. Feb. 25, 2016) (S.D. Fla.)

50. In re Smith, No. 16-10508 (11th Cir. Feb. 29, 2016) (M.D. Fla.)

51. In re Young, No. 16-10429 (11th Cir. Mar. 1, 2016) (N.D. Fla.)

52. In re Williams, No. 16-10475 (11th Cir. Mar. 1, 2016) (M.D. Ga.)

53. In re Dutton, No. 16-10515 (11th Cir. Mar. 1, 2016) (N.D. Fla.)

54. In re Gomez, No. 16-10516 (11th Cir. Mar. 3, 2016) (S.D. Fla.)

55. In re Hardy, No. 16-10747 (11th Cir. Mar. 10, 2016) (S.D. Fla.)

56. In re Shade, No. 16-10622 (11th Cir. Mar. 16, 2016) (M.D. Fla.)

57. In re Johnson, No. 16-10823 (11th Cir. Mar. 21, 2016) (N.D. Ala.)

58. In re Zaldivar, No. 16-10753 (11th Cir. Mar. 23, 2016) (S.D. Fla.)

59. In re Price, No. 16-10853 (11th Cir. Mar. 23, 2016) (N.D. Ga.)

8

60.     In re Dorsey, No. 16-10899 (11th Cir. Mar. 23, 2016) (M.D. Fla.)

61.     In re Holland, No. 16-10898 (11th Cir. Mar. 25, 2016) (S.D. Ga.)

62.     In re Sistrunk, No. 16-10896 (11th Cir. Mar. 28, 2016) (S.D. Fla.)

63.     In re Leonard, No. 16-10893 (11th Cir. Mar. 30, 2016) (S.D. Fla.)

64.     In re Truett, No. 16-11012 (11th Cir. Mar. 30, 2016) (M.D. Fla.)

65.     In re Nix, No. 16-10887 (11th Cir. Mar. 31, 2016) (S.D. Fla.)

66.     In re Strickland, No. 16-11015 (11th Cir. Mar. 31, 2016) (M.D. Fla.)

67.     In re Hammons, No. 16-10886 (11th Cir. Apr. 1, 2016) (S.D. Fla.)

68.     In re Leone, No. 16-11013 (11th Cir. Apr. 5, 2016) (S.D. Fla.)

69.     In re McGee, No. 16-11132 (11th Cir. Apr. 6, 2016) (M.D. Fla.)

70.     In re Rogers, No. 16-11011 (11th Cir. Apr. 7, 2016) (M.D. Fla.)

71.     In re Woodgett, No. 16-11108 (11th Cir. Apr. 7, 2016) (S.D. Ala.)

72.     In re Autrey, No. 16-11092 (11th Cir. Apr. 8, 2016) (S.D. Ala.)

73.     In re Anthony, No. 16-11109 (11th Cir. Apr. 11, 2016) (S.D. Fla.)

74.     In re Winbush, No. 16-11167 (11th Cir. Apr. 11, 2016) (N.D. Fla.)

75.     In re Pertee, No. 16-11131 (11th Cir. Apr. 12, 2016) (M.D. Fla.)

76.     In re Jackson, No. 16-11133 (11th Cir. Apr. 12, 2016) (M.D. Fla.)

77.     In re Phelps, No. 16-11211 (11th Cir. Apr. 12, 2016) (M.D. Fla.)

78.     In re Jackson, No. 16-11361 (11th Cir. Apr. 13, 2016) (S.D. Fla.)

79.    In re Coney, No. 16-11250 (11th Cir. Apr. 14, 2016) (S.D. Ga.)

80.    In re Kelly, No. 16-11363 (11th Cir. Apr. 14, 2016) (M.D. Fla.)

81.    In re Cannon, No. 16-11436 (11th Cir. Apr. 14, 2016) (S.D. Fla.)

**USSG § 4B1.2 cases**

82.    In re Garcon, No. 15-13039 (11th Cir. Jul. 24, 2015) (S.D. Fla.)

83.    In re Lassinger, No. 15-12969 (11th Cir. Aug. 4, 2015) (S.D. Fla.)

84.    In re H. Bailey, No. 15-13249 (11th Cir. Aug. 6, 2015) (M.D. Fla.)

85.    In re S. Bailey, No. 15-13275 (11th Cir. Aug. 6, 2015) (S.D. Fla.)

86.    In re Rivero, No. 15-13089 (11th Cir. Aug. 12, 2015) (S.D. Fla.)

87.    In re Green, No. 15-13576 (11th Cir. Sept. 1, 2015) (S.D. Fla.)

88.    In re Adams, No. 15-13624 (11th Cir. Sept. 1, 2015) (N.D. Fla.)

89.    In re Mathis, No. 15-13743 (11th Cir. Sept. 14, 2015) (S.D. Fla.)

90.    In re Searcy, No. 15-13765 (11th Cir. Sept. 15, 2015) (S.D. Fla.)

91.    In re Hicks, No. 15-14325 (11th Cir. Oct. 16, 2015) (S.D. Ga.)

92.    In re Chapman, No. 15-14456 (11th Cir. Oct. 27, 2015) (N.D. Ga.)

93.    In re Williams, No. 15-15231 (11th Cir. Dec. 10, 2015) (S.D. Fla.)

94.    In re Callen, No. 16-10149 (11th Cir. Feb. 12, 2016) (S.D. Ala.)

95.    In re Curington, No. 16-10417 (11th Cir. Mar. 2, 2016) (S.D. Fla.)

96.    In re Mitchell, No. 16-10573 (11th Cir. Mar. 2, 2016) (M.D. Fla.)

97.    In re Bourlier, No. 16-10750 (11th Cir. Mar. 4, 2016) (N.D. Fla.)

98.    In re McCoy, No. 16-10741 (11th Cir. Mar. 11, 2016) (M.D. Fla.)

99.    In re Truett, No. 16-10826 (11th Cir. Mar. 24, 2016) (M.D. Fla.)

100.   In re Simon, No. 16-11023 (11th Cir. Mar. 25, 2016) (S.D. Fla.)

101.   In re Mathis, No. 16-10939 (11th Cir. Mar. 31, 2016) (S.D. Fla.)

102.   In re Higginbottom, No. 16-11261 (11th Cir. Apr. 4, 2016) (S.D. Fla.)

103.   In re Smith, No. 16-11155 (11th Cir. Apr. 5, 2016) (N.D. Ga.)

104.   In re Glover, No. 16-11026 (11th Cir. Apr. 6, 2016) (M.D. Ga.)

105.   In re Jenkins, No. 16-11075 (11th Cir. Apr. 6, 2016) (S.D. Fla.)

106.   In re Smith, No. 16-11256 (11th Cir. Apr. 6, 2016) (S.D. Ga.)

107.   In re Torres, No. 16-11114 (11th Cir. Apr. 8, 2016) (M.D. Fla.)

108.   In re Baxter, No. 16-11198 (11th Cir. Apr. 12, 2016) (N.D. Ga.)

109.   In re Adley, No. 16-11212 (11th Cir. Apr. 12, 2016) (S.D. Fla.)

110.   In re McClendon, No. 16-11434 (11th Cir. Apr. 14, 2016) (S.D. Fla.)