[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12065-J, 16-12649
_____

IN RE: EDWARD THOMAS,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before HULL, MARCUS, and JULIE CARNES, Circuit Judges.

B Y  T H E  P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Edward Thomas has filed an

application seeking an order authorizing the district court to consider a second or successive

motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization

may be granted only if this Court certifies that the second or successive motion contains a claim

involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his application, Thomas indicates that he wishes to raise two claims in a second or successive § 2255 motion. Thomas asserts that both of his claims rely upon a new rule of constitutional law. For his first claim, he cites *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), in which the Supreme Court held that the residual clause of the violent felony definition in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague and that imposing an increased sentence under that provision, therefore, violates due process. Specifically, he asserts that his sentence is unconstitutional because it was enhanced as a result of a 1967 burglary conviction under the ACCA's now-void residual clause. In his second claim, he cites *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), which held that courts may not rely on the modified categorical approach unless a statute is divisible, asserting that his predicate burglary offense is no longer valid because it is nongeneric and the elements are broad, ambiguous, and indivisible.

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).   The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."   *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

On June 26, 2015, the Supreme Court in *Johnson* held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony.   *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2557-58, 2563.   The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony.   *Id.* at ___, 135 S. Ct. at 2563.

On April 18, 2016, the Supreme Court held in *Welch* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.   *Welch*, No. 15-6418, manuscript op. at 8-9.   The Court explained that, by striking down the ACCA's residual clause as void for vagueness, *Johnson* changed the ACCA's substantive reach and altered "the range of conduct or the class of persons that the [Act] punishes."   *Id.* at 9 (brackets in original) (citation omitted).   Applying the retroactivity framework set forth in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), and its progeny, the Court further stated that *Johnson* was not a procedural decision because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the [ACCA]."   *Id.*

Accordingly, the Court ruled that "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review."  *Id.*

In light of the Supreme Court's holdings in *Johnson* and *Welch*, federal prisoners who can make a *prima facie* showing that they previously were sentenced, at least in part, in reliance on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion in the district court.  *See In re Robinson*, No. 16-11304, manuscript op. at 2 (11th Cir. Apr. 19, 2016) (holding that *In re Franks*, No. 15-15456 (11th Cir. Jan. 6, 2016), which had held that *Johnson* claims brought by ACCA offenders cannot satisfy the statutory requirements of § 2255(h)(2), is no longer good law).  However, merely alleging a basis that meets § 2255(h)'s requirements in the abstract only "represent[s] the minimum showing" necessary to file a successive § 2255 motion because, under § 2244(b)(3)(C), the applicant also must make "a *prima facie* showing that the application satisfies the requirements of this subsection."  *In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003) (granting a state death-row inmate's successive application because he had proffered detailed evidence, in satisfaction of § 2244(b)(3)(C), that showed "a reasonable likelihood that he is in fact mentally retarded" to support his proposed *Atkins* claim). Accordingly, it appears that it is not enough for a federal prisoner to simply identify *Johnson* as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but also must show that he falls within the scope of the new substantive rule announced in *Johnson*.  *See, e.g.*, *id.*; 28 U.S.C. § 2244(b)(3)(C).

Thomas was sentenced as an armed career criminal under 18 U.S.C. § 924(e) based on a 1967 Florida conviction for breaking and entering, and separate convictions in 1980 and 1986 for armed robbery.  The district court found that Thomas's breaking and entering conviction

4

constituted burglary and was, thus, a violent felony under the ACCA, citing *United State v. Taylor*, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990).   In *Taylor*, the Supreme Court held that a person has been convicted of generic burglary for purposes of an ACCA enhancement if he is convicted of any crime that had as its basic elements unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime, and that a sentencing court may find a defendant was convicted of burglary under § 924(e)(2)(B)(ii) if either the statutory definition substantially corresponds to generic burglary, or the charging papers and jury instructions required a finding of all the elements of generic burglary in order to convict.   *Taylor*, 495 U.S. at 599, 602, 110 S. Ct. at 2158, 2160.

We have held that a Florida conviction for armed robbery "is undeniably a conviction for a violent felony" under the ACCA's elements clause.   *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006).   We also have held that Florida burglary convictions qualify as violent felonies under the residual clause of the ACCA.   *United States v. Matthews*, 466 F.3d 1271, 1275-76 (11th Cir. 2006).   We have determined that Florida burglary convictions also can qualify as violent felonies under the enumerated offenses clause of the ACCA, using the modified categorical approach.   *United States v. Weeks*, 711 F.3d 1255, 1262-63 (11th Cir. 2013).   However, *Weeks* was decided before *Descamps*, which held that courts may not rely on the modified categorical approach unless a statute is divisible.   *Descamps*, 570 U.S. at ___, 133 S. Ct. at 2281-82; *see also United States v. Lockett*, 810 F.3d 1262, 1265 n.1 (11th Cir. 2016) (noting that we have not yet decided whether Florida's burglary statute is divisible).

Here, Thomas has not made a *prima facie* showing that he has satisfied the criteria of § 2255(h)(2).   As an initial matter, Thomas's claim that *Descamps* is a new rule of constitutional

5

law that the Supreme Court has made retroactive to cases on collateral review is unavailing. We have held that the Supreme Court has not announced a new rule of constitutional law when it has merely interpreted an existing statute. *In re Blackshire*, 98 F.3d 1293, 1294 (11th Cir. 1996). In *Descamps*, the Court merely provided guidance to courts in interpreting an existing criminal statute. *See Descamps*, 570 U.S. at ___, 133 S. Ct. at 2283-85 (relying upon the Supreme Court's prior caselaw explaining the categorical and modified categorical approaches, and noting that that caselaw "all but resolve[d] this case"); *see also Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) (concluding that *Descamps* was retroactive in the context of an initial § 2255 motion to vacate because it did not announce a new rule, but instead merely clarified existing precedent regarding the application of the ACCA as a matter of statutory interpretation). Thus, *Descamps* did not announce a new rule of constitutional law as required under § 2255(h)(2). *See* 28 U.S.C. § 2255(h)(2).

Thomas's claim under *Johnson* fails to establish the required *prima facie* showing because, even though *Johnson* is a new rule of constitutional law that the Supreme Court has declared is retroactive, the applicability of Thomas's ACCA enhancement does not turn on the validity of the residual clause. First, his two convictions for armed robbery qualify as ACCA predicates under the elements clause. *See Dowd*, 451 F.3d at 1255. Second, the district court did not rely on the residual clause to find that Thomas's conviction for breaking and entering was an ACCA predicate, but instead determined that it qualified as generic burglary under the enumerated offenses clause, which was not affected by *Johnson*. Thus, Thomas has three predicate convictions for violent felonies as required under the ACCA.

Accordingly, because Thomas has failed to make a *prima facie* showing of the existence of

6

either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

7