MARTIN, Circuit Judge,
dissenting:
Wayne Anderson was sentenced based on United States Sentencing Guideline § 4B1.2, which contains the same 13 words that Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), made unconstitutional. The government agrees that Johnson invalidated the identical language of USSG § 4B1.2, at least on direct appeal. But our court ruled otherwise. See United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015). I have written before that I believe “Matchett was wrongly decided.” In re Robinson, 822 F.3d 1196, 1198 n. 2 (11th Cir. 2016) (Martin, J., concurring). I. later explained why in more detail. See In re Clayton, 829 F.3d 1254, 1257-64, 2016 WL 3878156, at *2-7 (11th Cir. July 18, 2016) (Martin, J., concurring). The majority here emphasizes that Matchett “noted that no circuit had held in a published decision that advisory guidelines could be unconstitutionally vague ... and in fact, four circuits had held that the guidelines — whether mandatory or advisory — could not be unconstitutionally vague.” Maj. Op. at 1292-93. That may have been true ten months ago when Matchett was decided, but since that time “[e]very other court of appeals has either held or assumed that Johnson makes the language in § 4B1.2(a)(2) of the Sentencing Guidelines unconstitutional.” Clayton, 829 F.3d at 1256, 2016 WL 3878156, at *1 (Martin, J., concurring).
Last month, the Supreme Court announced that it will hear a case next term in which it can evaluate whether Matchett is correct. See Beckles v. United States, No. 15-8544, — U.S. -, 136 S.Ct. 2510, — L.Ed.2d -, 2016 WL 1029080 (U.S. June 27, 2016). Travis Beckles was sentenced using USSG § 4B1.2 in 2007 because of his earlier conviction for possessing a gun. He argued on appeal that this conviction was not for a “crime of violence.” Our court ruled that mere possession of a sawed-off shotgun was a “crime of violence” under the language that Johnson addressed (as it happens, Johnson involved this very same crime). See United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009). Then, after our court upheld the denial of his § 2255 motion, see Beckles v. United States, 579 Fed.Appx. 833, 833 (11th Cir. 2014), Mr. Beckles took his case to the Supreme Court. The Supreme Court granted his petition for certiorari, summarily vacated our ruling, and told us to redo the case in light of Johnson. See Beckles v. United States, — U.S. -, 135 S.Ct. 2928, 192 L.Ed.2d 973 (2015). A year after our first decision, our court upheld Mr. Beckles’s sentence again, this time by holding that Johnson’s vagueness analysis does not apply to invalidate USSG § 4B1.2. See Beckles v. United States, 616 Fed.Appx. 415, 416 (11th Cir. 2015). Again, we are the only Court of Appeals that takes that view. Mr. Beckles had to go back to the Supreme Court. The Supreme Court granted his certiorari petition again and is set to hear the case next term.
It’s time for our court to accept that Johnson could apply to USSG § 4B1.2. I recognize that the “grant of certiorari does not constitute new law.” Ritter v. Thigpen, 828 F.2d 662, 665-66 (11th Cir. 1987) (per curiam). But our job here is not to conclusively decide Mr. Anderson’s case. Instead, the only question before us is whether Mr. Anderson made “a sufficient showing of *1295 possible merit to warrant a fuller exploration by the district court.” In re Holladay, 331 F.3d 1169, 1173 (11th Cir. 2003) (quotation omitted). It seems to me that if the Supreme Court thinks Mr. Beckles’s case is worth hearing, then Mr. Anderson’s case also has enough “possible merit to warrant a fuller exploration.” Id. I would therefore certify Mr. Anderson’s § 2255 motion. That way Mr. Anderson will be assured the benefit of Johnson if the outlier view in Matchett is shown to be wrong.
At the least, I would stay Mr. Anderson’s certification motion until the Supreme Court decides Mr. Beckles’s case. Earlier this year, after the Supreme Court granted certiorari in Welch v. United States, 578 U.S. -, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (another case from our circuit that limited Johnson’s reach) “unlike all other circuits, the Eleventh Circuit refused to stay applications for successive § 2255 motions pending Welch.” Clayton, 829 F.3d at 1264, 2016 WL 3878156, at *7 (Martin, J., concurring) (quotation omitted). A month before the Welch decision, the full Eleventh Circuit refused to vacate the case that Welch eventually abrogated. See In re Rivero, No. 15-13089 (Mar. 16, 2016). A few days later, the full court also vacated a panel opinion that stayed a Johnson motion “until the Supreme Court decides Welch.” In re Anthony Johnson, 810 F.3d 1247, 1253 (11th Cir. 2016); see In re Anthony Johnson, 815 F.3d 733 (11th Cir. 2016). If either of those full-court votes went the other way, hundreds of prisoners would have had more time to file their cases. Instead, inmates had to re-file, and this court had to decide the same cases again, this time in a crush of hundreds of new Johnson cases. Other courts took steps to avoid this problem. I would prefer to avoid a repeat of the problem once the Supreme Court decides Beckles.[1]
That said, if Beckles overrules our precedent, Mr. Anderson should know that “denials of successive applications are without prejudice” and so “our decision does not preclude [him] from filing a new successive application.” In re Griffin, 823 F.3d 1350, 1356 n. 4, 2016 WL 3002293, at *5 n. 4 (11th Cir. May 25, 2016). The majority says this language in Griffin was dicta and cites In re Baptiste, 828 F.3d 1337, 2016 WL 3752118 (11th Cir. July 13, 2016). Issued last week, Baptiste held that this court must deny any motion that “seeks leave to file a second or successive habeas motion based on a claim we rejected in a previous application seeking such leave.” Id. at 1339, 2016 WL 3002293 at *2. Baptiste is not consistent with the text of the habeas statute in two ways. First,
Baptiste was construing 28 U.S.C. § 2244(b)(1), which says any “claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.” Of course, [ ] § 2255 motions ... are filed by federal prisoners [and] § 2255 motions are certainly not brought “under section 2254,” which governs petitions filed by state prisoners. But the Baptiste panel ruled that even though § 2244(b)(1) does not mention §2255 motions, it applies to them anyway, since “it would be odd [] if Congress had intended to allow federal prisoners” to do something state prisoners can’t do.
Clayton, 829 F.3d at 1266, 2016 WL 3878156, at *9 (Martin, J., concurring). And even going along with the “it would be odd” rule of statutory construction and *1296 thereby assuming that § 2244(b)(1) applies to § 2255 motions, Baptiste is inconsistent with the statute in a second way. The text of the habeas statute shows that it requires courts to dismiss only claims that were already presented in an actual § 2255 motion, as opposed to a mere request for certification of a successive § 2255 motion. Both §2244 and §2254 distinguish between “applications” (which are the § 2254 petitions and §2255 motions filed in district courts) and “motions” (which are the earlier request for certification filed in a court of appeals). Baptiste assumes that “motion” and “application” mean the same thing, even though Congress carefully distinguished the two. When Congress uses different words in this way, courts must presume those words mean different things. See, e.g., Envtl. Def. v. Duke Energy Corp., 549 U.S. 561, 574, 127 S.Ct. 1423, 1432, 167 L.Ed.2d 295 (2007).[2]
The majority’s treatment of § 2244(b)(1) highlights another problem with Baptiste. According to the majority, its order “is with prejudice unless and until Beckles or some future Supreme Court decision establishes a new rule of constitutional law.” Maj. Op. at 1293. This is not the way our court has ever treated these certification motions. For example, before the Welch decision, this court denied over a hundred motions to certify Johnson claims. See Robinson, 822 F.3d at 1198-1201 (Martin, J., concurring) (listing cases). Those orders routinely told prisoners they could file again if Welch overruled our precedent. And then after Welch, dozens of panels of this court decided new certification motions in which those same prisoners raised the same Johnson claims. Indeed, every active judge on this court granted a motion from a prisoner who had an identical motion denied prior to Welch.[3] Both prisoners and our court proceeded with the understanding that “there is no rule against filing multiple applications for leave to file a successive § 2255 petition.” In re Barber, No. 16-10107, slip op. at 32 (11th Cir. Feb. 10, 2016) (Marcus, J., dissenting). And we granted those repeat motions even though Welch was surely not, to use the majority’s phrasing, a “Supreme Court decision establish[ing] a new rule of constitutional law.” Maj. Op. at 1294. See Dodd v. United States, 545 U.S. 353, 358, 125 S.Ct. 2478, 2482, 162 L.Ed.2d 343, (2005) (distinguishing the decision in “which the right assert *1297 ed was initially recognized” from the decision that made that rule retroactive). Based on the majority’s logic, every one of those motions we granted should have been dismissed instead. That can’t be right.

. Other courts are again taking steps to avoid this problem. See, e.g., Blow v. United States, 829 F.3d 170, 171-72, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016) (“[Bjecause the Supreme Court will likely decide in Beckles whether Johnson applies retroactively to the Guidelines, the district court is instructed to hold Blow’s § 2255 motion in abeyance.”).

. Attributing different meanings to Congress’s use of those different words is also the only way to make sense of § 2244. When a claim is filed in a § 2255 motion, it actually gets briefed by the parties, decided by a lower court, and then appealed. None of that input, accountability, or deliberation exists with a motion to certify. I have recounted in some detail the mistakes we, as a court, have made in these cases. In re Leonard, No. 16-13528, - Fed.Appx. -, -, 2016 WL 3885037, at *7-9 (11th Cir. July 13, 2016) (Martin, J., concurring).

. See, e.g., In re Roundtree, No. 16-12554 (11th Cir. June 15, 2016); In re Brown, No. 16-12735 (11th Cir. June 15, 2016); In re Leone, No. 16-12687 (11th Cir. June 15, 2016); In re Woodgett, No. 16-12461 (11th Cir. June 15, 2016); In re McGee, No. 16-12480 (11th Cir. June 15, 2016); In re Witch-ard, No. 16-12137 (11th Cir. June 14, 2016); In re Rowe, No. 16-12762 (11th Cir. June 13, 2016); In re Nix, No. 16-12465 (11th Cir. June 13, 2016); In re Glover, No. 16-12440 (11th Cir. June 10, 2016); In re Adams, No. 16-12417 (11th Cir. June 9, 2016); In re Lamb, No. 16-12599 (11th Cir. June 10, 2016); In re Middleton, No. 16-12456 (11th Cir. June 7, 2016); In re Casado, No. 16-12282 (June 6, 2016); In re Sharp, No. 16-12326 (11th Cir. June 3, 2016); In re Cauley, No. 16-12186 (11th Cir. June 1, 2016).
Every one of those granted motions was filed by a prisoner whose identical motion we turned away prior to Welch. See Robinson, 822 F.3d at 1198-1201 (Martin, J., concurring) (listing the motions we denied prior to Welch). Also, those are just a few examples from two weeks in June. There are more like them.