[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17036
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-00300-CB; 1:95-cr-00062-CB-S-1


BRUCE LEONARD OXNER,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 27, 2017)

Before ED CARNES, Chief Judge, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Bruce Leonard Oxner, a federal prisoner, appeals the district court's

dismissal of his second or successive motion to vacate his sentence under 28 U.S.C. § 2255.  He contends that the court applied the incorrect standard for analyzing a successive § 2255 claim that relies on Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015).

## I.

In 1995 a jury convicted Oxner of one count of interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312, and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1).  The Presentence Investigation Report found that Oxner qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had prior convictions for burglary in Arkansas, Texas, and Louisiana.  The PSR described the Arkansas and Louisiana crimes, but for the Texas conviction it stated that the "details of the offense are unknown."

Oxner objected to the PSR.  He argued that his Texas conviction could not qualify as a violent felony under the ACCA because the PSR lacked factual details about the crime.  He pointed out that the Texas burglary statute, which defines "buildings" to include vending machines and ornamental structures, exceeds the scope of generic burglary as it is defined in Taylor v. United States, 495 U.S. 575,

110 S. Ct. 2143 (1990).[1]  In response, the probation office amended the PSR to show that Oxner had burglarized a qualifying building — a grocery store — and confirmed that the "defendant has three prior violent felony convictions (burglary) and should be sentenced as an armed career criminal."  Oxner withdrew his objection.

At the sentence hearing, the court adopted the PSR and noted that the amendment shows "the burglary was committed of a building, which satisfies the requirements of the statute 18 United States Code Section 924(e)," that is, the ACCA.  As a result, the court applied the ACCA enhancement to Oxner's sentence.  Oxner unsuccessfully challenged his convictions and sentence through direct and collateral motions, including a motion to vacate under 28 U.S.C. § 2255.

In 2016 we granted Oxner's motion for leave to bring a second or successive § 2255 motion and concluded that he had made a prima facie showing that Johnson invalidated his ACCA sentence.  But we emphasized that a prima facie showing "does not conclusively resolve the issue," and the district court had to determine for itself whether Oxner's motion met § 2255's requirements.

The district court dismissed Oxner's § 2255 motion.  It found that Johnson does not apply because the sentencing court relied on the ACCA's enumerated

_____

[1] In Taylor, the Supreme Court concluded that for purposes of the ACCA enhancements, the meaning of generic burglary "contains at least the following elements:  an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."  495 U.S. at 598, 110 S. Ct. at 2158.

crimes provision and not the residual clause to enhance Oxner's sentence. And it was irrelevant that the burglary convictions likely would not qualify today under the enumerated crimes provision in light of Descamps v. United States, 570 U.S. 254, 133 S. Ct. 2276 (2013), because, the court explained, Descamps cannot be the basis for a second or successive habeas motion.

The district court then granted Oxner's request for a certificate of appealability on the following issues:

> Whether the court incorrectly dismissed with prejudice Mr. Oxner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, where the court held: (1) that the new rule of constitutional law made retroactive by the Supreme Court in Johnson does not apply to him; and (2) [t]hat he may not obtain relief based on Descamps because that decision is not applicable to second or successive motions.

This is Oxner's appeal.

II.

In a § 2255 proceeding, we review de novo the district court's legal conclusions and its factual findings for clear error. Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014).

The first issue in the COA goes to whether Oxner has raised a valid Johnson claim. In a Johnson claim, the defendant contends that he was sentenced under the ACCA's residual clause. See Beeman v. United States, 871 F.3d 1215, 1220 (11th Cir. 2017). The second goes to whether he may rely on Descamps. In a Descamps claim, the defendant contends that he was incorrectly sentenced under the ACCA's

4

elements clause or enumerated crimes provision.  Id.

To assert a claim under Johnson, "a movant must establish that his sentence enhancement turned on the validity of the residual clause.  In other words, he must show that the clause actually adversely affected the sentence he received."  Id. at 1221 (quotation marks omitted).  If the record is unclear, and it is just as likely that the sentencing court relied on a different clause when it enhanced the defendant's sentence, "then the movant has failed to show that his enhancement was due to use of the residual clause."[2]  Id. at 1222.

The district court found that Oxner's prior "burglary felonies were not counted under the residual clause," and for that reason, he was not entitled to relief under Johnson.  Oxner concedes that the sentencing court did not state which clause it relied on to find his prior convictions qualified as violent felonies.  And a review of the record reveals no direct evidence on that issue.  The PSR and the sentencing court referred to § 924(e) generally, but neither stated which of § 924(e)(2)(B)'s three clauses served as the basis for the ACCA enhancement.

Although there is no direct evidence, the district court found that circumstantial evidence shows that the sentencing court relied on the enumerated

---

[2] Oxner argues that he has to show only that the district court may have relied on the residual clause and points to a panel dispute about the proper burden of proof in a Johnson claim. But Beeman settled any purported dispute and held that a Johnson claimant "like any other § 2255 movant . . . must show that — more likely than not — it was use of the residual clause that led to the sentencing court's enhancement of his sentence."  871 F.3d at 1221–22.

5

crimes provision to enhance Oxner's sentence. It pointed to Oxner's objection that the Texas conviction did not clearly satisfy the elements of generic burglary — a consideration relevant under the enumerated crimes provision, not the residual clause. The PSR amendment showed that Oxner's crime did meet those elements. And following that amendment, the sentencing court found that the "burglary was committed of a building" and applied the ACCA enhancement. Those facts support the district court's conclusion that Oxner's Texas conviction was counted under the enumerated crimes provision, and at the very least, they show that its finding was not clearly erroneous. See Cooper v. Harris, 581 U.S. __, 137 S. Ct. 1455, 1465 (2017) (Under clear error review "[a] finding that is 'plausible' in light of the full record — even if another is equally or more so — must govern.").

The district court also ruled that the sentencing court relied on the enumerated crimes provision for the Arkansas and Louisiana convictions. It found that under the law at the time of sentencing, those convictions qualified as violent felonies under the enumerated crimes provision, so there would have been no need for the sentencing court to rely instead on the more broadly worded residual clause. Oxner has not shown — and nothing in the record indicates — that the sentencing court "more likely than not" relied on the residual clause as opposed to the enumerated crimes provision. Beeman, 871 F.3d at 1221–22. He concedes that the record is silent on that issue, and "where the evidence does not clearly explain

6

what happened, the party with the burden loses." Id. at 1225.  Because Oxner has

not shown that the sentencing court enhanced his sentence under the residual

clause, his Johnson claim fails.  See id.

Oxner argues that the sentencing court had to rely on the residual clause

because his prior burglary convictions do not qualify under the ACCA's

enumerated crimes provision in light of Descamps.  But that argument goes to

whether the sentencing court correctly relied on the enumerated crimes

provision — not to whether it in fact relied on the residual clause.[3]  See id. at 1220.

That is a Descamps claim.  Id.  And Oxner cannot rely on Descamps in a second or

successive § 2255 motion.  See In re Thomas, 823 F.3d 1345, 1349 (2016)

(concluding that Descamps did not announce a new rule of constitutional law as

required under § 2255); In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016)

("Descamps is not retroactive for purposes of a second or successive § 2255

motion.").

Oxner has not carried his burden under Johnson of showing that the

sentencing court more likely than not relied on the residual clause when it found

that his prior burglary convictions were violent felonies.  And he cannot argue that

the sentencing court incorrectly relied on the enumerated crimes provision because

---

[3] In Beeman we explained that the relevant question is one of "historical fact:  was [the defendant] sentenced solely per the residual clause?"  871 F.3d at 1224 n.5.  And a "sentencing court's decision today that [the crime] no longer qualified under present law as a violent felony . . . would be a decision that casts very little light, if any, on the question of historical fact."  Id.

a Descamps claim cannot be raised in a second or successive § 2255 motion.  For

those reasons, the district court did not err in dismissing his motion.

**AFFIRMED.**