[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16277
Non-Argument Calendar

_____

D. C. Docket No. 08-00005-CR-1-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 11, 2009)

Before DUBINA, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Appellant Larry Robinson appeals his conviction for being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Robinson argues that the district court improperly admitted evidence of his prior convictions under Federal Rule of Evidence 404(b).  Robinson also contends that the district court violated his Sixth Amendment rights and abused its discretion by not allowing him to cross-examine the arresting officer on a prior incident of alleged untruthfulness.

A district court's evidentiary rulings are reviewed for abuse of discretion. *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004).  "Where the defendant is permitted to conduct sufficient cross-examination to satisfy sixth amendment requirements, the scope of any further cross-examination is within the sound discretion of the trial court and the trial court's decision will not be disturbed on review absent an abuse of discretion."  *United States v. Machado*, 804 F.2d 1537, 1545 (11th Cir. 1986).

To convict a defendant of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the government is required to prove beyond a reasonable doubt that (1) the defendant was a convicted felon; (2) he knowingly possessed a firearm; and (3) the firearm was in or affected interstate commerce.  *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000).  Possession can be actual or constructive, proven via direct or circumstantial evidence.  *United States v. Greer*,

440 F.3d 1267, 1271 (11th Cir. 2006).

When a defendant pleads "not guilty" to being a felon in possession, he places at issue the element of his knowing possession, which the government then has the burden of proving beyond a reasonable doubt. *United States v. Jernigan*, 341 F.3d 1273, 1281 n.7 (11th Cir. 2003). To prove knowing possession, the government may introduce a prior act into evidence, provided that the requirements of Rule 404(b) are met. *Id*. at 1280. Rule 404(b) provides in relevant part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). We employ a three-prong test to determine the admissibility of evidence under Rule 404(b): (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice. *Jernigan*, 341 F.3d at 1280.

We conclude from the record that the district court properly analyzed the Rule 404(b) evidence, admitted the prior convictions for a permissible reason, and

took affirmative steps to limit any resulting prejudice to Robinson. We therefore conclude that the district court did not abuse its discretion by admitting the prior convictions into evidence.

Specific instances of conduct, "if probative of truthfulness or untruthfulness, [can] be inquired into on cross-examination of the witness ... concerning the witness' character for truthfulness or untruthfulness...." Fed. R. Evid. 608(b). However, "[s]ubject to the Sixth Amendment, the district court has the discretionary authority to limit cross-examination." *United States v. Beale*, 921 F.2d 1412, 1424 (11th Cir. 1991). The right to full cross-examination when applied to the government's star witness or a witness who provides an essential link in the government's case is important, *United States v. Lankford*, 955 F.2d 1545, 1548 (11th Cir. 1992), but not without limitation, as the Sixth Amendment "only protects cross-examination *that is relevant*." *United States v. Lyons*, 403 F.3d 1248, 1255 (11th Cir. 2005) (internal quotation marks omitted & emphasis added). However, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

When an officer suspected of wrong-doing is cleared, information

concerning those investigations has little if any probative value.  *United States v. Taylor*, 417 F.3d 1176, 1178–79 (11th Cir. 2005).  Unproven allegations have "the obvious potential to cause serious and unfair prejudice to the government."  *Id.* at 1179-80 (*quoting United States v. Novaton*, 271 F.3d 968, 1007 (11th Cir. 2001)).

After reviewing the record and reading the parties' briefs, we conclude that the district court properly limited the cross-examination of Officer Stack because previous incidences of alleged misconduct were unproven and, thus, were irrelevant and unduly prejudicial to the government.  Accordingly, we affirm Robinson's conviction.

**AFFIRMED.**