[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 23, 2010
JOHN LEY
CLERK

No. 09-13708
Non-Argument Calendar

_____

D. C. Docket No. 08-00166-CR-1-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN DAVIS,
a.k.a. Steve Davis,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 23, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Davis appeals the 180-month prison sentence imposed by the district court following his conviction for possession of a firearm by a convicted felon. Because Davis had numerous felony convictions prior to the firearm conviction, he was sentenced to a mandatory minimum sentence pursuant to the Armed Career Criminal Act ("Act"), 18 U.S.C. § 924(e).

On appeal, Davis argues that sentences imposed under the Act constitute cruel and unusual punishment in violation of the Eighth Amendment. Davis also argues that, in establishing mandatory sentences, the Act conflicts with the sentencing factors set forth in 18 U.S.C. § 3553(a), and is inconsistent with the Supreme Court's decision in *Booker v. United States*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

We review constitutional challenges to a sentence *de novo*. *United States v. Chau*, 426 F.3d 1318, 1321 (11th Cir. 2005). Questions of statutory interpretation are likewise reviewed *de novo*. *United States v. Searcy*, 418 F.3d 1193, 1195 (11th Cir. 2005).

In *United States v. Johnson*, 528 F.3d 1318, 1322 (11th Cir. 2008), *cert. granted on other grounds*, 129 S.Ct. 1315 (2009), we reiterated that minimum mandatory sentences for armed career criminals do not violate the Eighth Amendment. *Accord United States v. Lyons*, 403 F.3d 1248, 1256-57 (11th Cir.

2005) (stating that because the minimum mandatory sentences are based on recidivism, there is no necessary constitutional violation, even where the count of conviction itself may be relatively minor); *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000).

We have also previously held that district courts are not empowered to impose a sentence below an applicable statutory mandatory minimum sentence using the § 3553(a) factors. *United States v. Castaing-Sosa*, 530 F.3d 1358, 1361-62 (11th Cir. 2008). Moreover, "the district court remains bound by statutes designating mandatory minimum sentences even after the holding of [*Booker*]":

> To avoid infringing a defendant's Sixth Amendment right to a jury trial, *Booker* made advisory the Sentencing Guidelines, not statutory mandatory minimums enacted by Congress. Thus, *Booker's* instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum.

*Id.* at 1362 (citations omitted).

Davis concedes that our precedent forecloses his constitutional argument, as he must. *See United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court."). Similarly, Davis's

arguments regarding the possible effect of *Booker* and the § 3553(a) factors on mandatory minimum sentences are foreclosed by binding precedent, and must be rejected. *Hogan*, 986 F.2d at 1369.

Upon review of the record and consideration of the parties' briefs, we affirm the sentence.

**AFFIRMED.**[1]

---

[1] Davis's request for oral argument is denied.