HONORABLE STEVE C. JONES, UNITED STATES DISTRICT JUDGE
This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 (" § 2255 Motion"). Doc. No. [86].[1]
I. BACKGROUND
On April 27, 2009, Petitioner Steven Davis ("Petitioner") pleaded guilty to the crime of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Doc. No. [62]. Normally, a conviction for being a felon in possession of a firearm or ammunition carries a statutory maximum sentence of ten years imprisonment. See 18 U.S.C. § 922(g), § 924(a)(2). The Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), however, carries an enhanced penalty of at least fifteen years imprisonment if a defendant has three or more prior convictions that qualify as either a "violent felony" or "serious drug offenses." See 18 U.S.C. § 924(e). At the time of Petitioner's sentencing, the ACCA defined a "violent felony" as follows:
[A]ny crime punishable by imprisonment for a term exceeding one year ... that-
i. has as an element the use, attempted use, or threatened use of physical force against the person of another; or
ii. is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another ...
*1322 Id. The first prong of that definition, § 924(e)(2)(B)(i), is referred to as the "elements clause." Mays v. United States, 817 F.3d 728, 730-31 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is referred to as the "enumerated offenses clause"; and the second part is referred to as the "residual clause." Id.
At his sentencing hearing on July 9, 2009, the Court found that Petitioner qualified for an enhanced sentence under the ACCA due to Petitioner's two prior convictions for aggravated assault and two prior convictions for possession of cocaine with the intent to distribute and sale of marijuana.[2] See Doc. No. [67]. The Court consequently imposed a sentence of 180 months imprisonment, the mandatory minimum sentence under the ACCA, and three years on supervised release.[3] Id.
On June 26, 2015, the United States Supreme Court held in Johnson v. United States, 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (" Johnson"), that the ACCA's residual clause is unconstitutionally vague. And on April 18, 2016, the Supreme Court held that the Johnson decision is retroactively applicable to cases on collateral review. See Welch v. United States, 578 U.S. ----, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016). Notably, however, the other clauses in the ACCA remain in effect after Johnson, and a predicate offense that qualifies as a violent felony under the other clauses of the ACCA is not affected by Johnson. See United States v. Tinker, 618 F. App'x 635, 637 (11th Cir. 2015) ("Tinker's predicate offenses appear to qualify as violent felonies under the 'elements' clause in § 924(e)(2)(B)(i), rather than the 'residual' clause in § 924(e)(2)(B)(ii), and thus Tinker's classification as an armed career criminal does not appear to be affected by Johnson.").
On June 1, 2016, Petitioner filed this § 2255 Motion. Doc. No. [86]. Petitioner asserts that, after Johnson, his 180-month imprisonment imposed under the ACCA is unconstitutional. Specifically, Petitioner argues that the Johnson decision invalidates his ACCA sentence because when he was sentenced in 2009, his Georgia convictions for aggravated assault would have qualified as violent felonies under the residual clause of the ACCA. Petitioner also argues that his aggravated assault convictions are not violent felonies under the enumerated offenses clause because assault is not included in that list of crimes. And finally, Petitioner argues that his convictions under the Georgia aggravated assault statute do not qualify as violent felonies under the elements clause. Consequently, Petitioner asserts that he is "no longer, by law, an armed career criminal because his convictions for aggravated assault no longer qualify as ACCA violent felonies."[4]
*1323 Id. at p. 2. The briefing process for the § 2255 Motion is complete[5] , and the Court finds that this matter is ripe for resolution.[6]
II. DISCUSSION
A. The Time Bar
As an initial matter, the Government argues that Petitioner's § 2255 Motion is untimely. See Doc. No. [90], p. 7. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations to bring a § 2255 Motion. See 28 U.S.C. § 2255(f). Under § 2255(f), the limitations period begins to run on the latest of four possible triggering dates:
1) the date on which the judgment of conviction becomes final;
2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
Id.
"A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). The Eleventh Circuit has explained "that a judgment of conviction becomes final within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes final on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes final on the date on which the defendant's time for filing such a petition expires." Kaufmann v. United States, 282 F.3d 1336, 1339 (11th Cir. 2002) (internal quotations omitted).
In this case, the Eleventh Circuit decided Petitioner's direct appeal on April 23, 2010, and the ninety-day period for filing a petition for a writ of certiorari expired on July 22, 2010. See Doc. No. [85]. Consequently, the one-year statute of limitations period for filing a § 2255 Motion expired on July 22, 2011. Petitioner's § 2255 Motion, filed on June 1, 2016, thus falls well *1324 outside the one-year time limitation required by 28 U.S.C. § 2255(f)(1).
Petitioner, however, contends that his § 2255 Motion is timely because he filed it within one year after the Supreme Court issued its decision in Johnson, bringing it within the limitations period that begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[7] See 28 U.S.C. § 2255(f)(3).
In response, the Government argues that Petitioner's § 2255 Motion is not based on Johnson or any other newly created law. See Doc. No. [90], p. 5. Rather, the Government asserts that Petitioner's § 2255 Motion relies on the Supreme Court's decision in Descamps v. United States, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) (" Descamps"). Unlike the Supreme Court's decision in Johnson, Descamps was based on statutory interpretation and did not create a new rule of constitutional law; rather, its holding merely clarified existing precedent. In re Griffin, 823 F.3d 1350, 1356 (11th Cir. 2016) ; see also United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014) (noting that "[t]he Supreme Court in Descamps explained that it was not announcing a new rule, but was simply reaffirming" an existing approach). As a result, a § 2255 motion based on Descamps cannot rely on § 2255(f)(3) as the starting point of the limitations period. Instead, the petitioner must file the § 2255 motion within one year of one of the other triggering dates set out in § 2255(f).
The timeliness of Petitioner's § 2255 Motion thus hinges on whether he asserts a Johnson claim or a Descamps claim. If his § 2255 Motion raises a Johnson claim, it is timely; but if it raises a Descamps claim, it is not. A Johnson claim and a Descamps claim make two distinct and separate assertions. A Johnson claim contends that the defendant was sentenced as an armed career criminal under the residual clause, while a Descamps claim asserts that the defendant was incorrectly sentenced under the elements or enumerated offenses clause.
In his § 2255 Motion, Petitioner relies heavily on the Descamps decision in arguing that his Georgia convictions for aggravated assault can no longer qualify as "violent felonies" under the elements clause. See Doc. No. [86]. This is clearly a Descamps claim. Petitioner, however, also claims in his § 2255 Motion that when he was sentenced in 2009, the Court relied on the residual clause to find that his Georgia aggravated assault convictions qualified as violent felonies under the ACCA. See id. Therefore, he contends that the Johnson decision requires that he be resentenced without the ACCA enhancement. This is clearly a Johnson claim. See Beeman v. United States, 871 F.3d 1215, 1221 (11th Cir. 2017) (finding that the petitioner's § 2255 motion asserted both a Descamps and Johnson claim, and the filing of his motion within one year of the Johnson decision was therefore timely). Accordingly, the Court finds that Petitioner's § 2255 Motion asserts a Johnson claim and is thus timely. See id.
B. The Merits
To prove a Johnson claim, Petitioner must establish that his sentence enhancement "[t]urned on the validity of the residual clause." In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016). In other words, Petitioner must show that the residual clause actually adversely affected the sentence he received. Id. Only if Petitioner *1325 would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. Beeman, 871 F.3d at 1221. That will be the case only:
(1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson ) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.
Id.
In Beeman [8] , the Eleventh Circuit reiterated the longstanding principle that, like any other § 2255 petitioner, a Johnson § 2255 petitioner must prove his claim. Id. at 1221 ; see also Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015) (holding that a petitioner bears the burden to prove the claims in a § 2255 motion). Thus, a petitioner who challenges his ACCA sentence under Johnson must show that, more likely than not, "it was the use of the residual clause that led to the sentencing court's enhancement of his sentence." Beeman, 871 F.3d at 1221-22. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to the use of the residual clause." Id. at 1222.
A § 2255 petitioner can prove that the sentencing court relied on the residual clause in two ways. First, a petitioner can point to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to the application of the ACCA in that case." Id. at 1224 n.4. Alternatively, absent direct evidence, there will:
sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR [Presentence Investigation Report], which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to the other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others.
Id. A § 2255 petitioner may also circumstantially prove that the ACCA sentence relied on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at 1224 n.5 (emphasis added).
In his § 2255 Motion, Petitioner states, in a conclusory fashion, that the residual clause was a "possible basis" for his enhanced sentence under the ACCA. Doc. No. [86], p. 2. Yet there is nothing in the record that either directly or indirectly supports this contention.[9] Rather, Petitioner *1326 only asserts in general terms that the residual clause has historically been used as a "default home" for many state statutes-including the Georgia aggravated assault statute-under the ACCA. Id. at p. 7. These general observations, however, are not enough to satisfy Petitioner's burden of establishing that he, in fact, was sentenced as an armed career criminal solely because of the residual clause. See Beeman, 871 F.3d at 1224. Thus, Petitioner's § 2255 Motion is due to be dismissed because he fails to carry his burden of proof. See Beeman, 871 F.3d at 1225. Specifically, Petitioner fails to prove that it was more likely than not that he was in fact sentenced as an armed career criminal under the residual clause. See Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001) ("Where, as here, the evidence does not clearly explain what happened ... the party with the burden loses.").
Moreover, the Court also finds that Petitioner is not entitled to a certificate of appealability. A petitioner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. See 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id."A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) ; see also Hamilton v. Sec'y, Fla. Dep't of Corr., 793 F.3d 1261, 1266 (11th Cir. 2015) (holding that "no [certificate of appealability] should issue where the claim is foreclosed by binding circuit precedent because reasonable jurists will follow controlling law.") (internal quotations omitted). Petitioner has not made the requisite showing in these circumstances. Therefore, the Court declines to issue a certificate of appealability to Petitioner.
III. CONCLUSION
For the reasons discussed above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, is DENIED . Doc. No. [86]. The Court also declines to issue a certificate of appealability to Petitioner pursuant to 28 U.S.C. § 2253(c)(2). Further, Petitioner's Motion to Stay is DEEMED MOOT . Doc. No. [94]. The Clerk is hereby DIRECTED to CLOSE the civil action associated with Petitioner's § 2255 Motion (Civil Action File No. 1:16-cv-01786-SCJ).
IT IS SO ORDERED this 16th day of April, 2019.

All citations are to the docket in 1:08-cr-166, and all page numbers are those imprinted by the Court's docketing software.

At the time of his sentencing, the Court did not offer specific findings on whether the aggravated assault convictions should be classified as "violent felonies" for ACCA purposes under the elements clause or the residual clause or both.

Petitioner directly appealed his sentence to the Eleventh Circuit on the grounds that sentences imposed under the ACCA constitute cruel and unusual punishment in violation of the Eighth Amendment. Petitioner also argued that, in establishing mandatory sentences, the ACCA conflicts with the sentencing factors set forth in 18 U.S.C. § 3553(a) and is inconsistent with the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Eleventh Circuit rejected Petitioner's arguments and affirmed his sentence. United States v. Davis, 375 F. App'x 987, 989 (11th Cir. 2010) (unpublished).

Petitioner's two prior drug offenses qualify as ACCA predicates because they are "serious drug offenses," as defined in 18 U.S.C. § 924(e)(2)(A). Petitioner concedes that he does not have a basis to contest those predicates. See Doc. No. [86], p. 3 n.8.

Petitioner's § 2255 Motion, the Government's response to the § 2255 Motion, and Petitioner's reply in support of the § 2255 Motion all exceed the page limitations set forth in the Local Rules. See LR 7.1D, NDGa ("Absent prior permission of the court, briefs filed in support of a motion or in response to a motion are limited in length to twenty-five (25) pages. If the movant files a reply brief, the reply brief may not exceed fifteen (15) pages."). The Court will accept all of those documents as filed but instructs counsel to seek and obtain the Court's permission before filing briefs or motions that exceed the page limits set forth in the Local Rules. Including a request to exceed the page limits in the footnotes of a brief that exceeds the page limits is not, in the Court's view, the proper way to request permission to exceed the page limits. For all future filings, counsel must file a motion to exceed the page limits and wait until the Court grants the motion before filing a brief that exceeds the page limits.

The Court finds that an evidentiary hearing is not necessary. See Futch v. Dugger, 874 F.2d 1483, 1485 (11th Cir. 1989) (noting that an evidentiary hearing is required in a federal habeas case only if the petitioner alleges facts which, if proven, would entitle him to relief).

The Supreme Court decided Johnson on June 26, 2015, and Petitioner subsequently filed his § 2255 Motion on June 1, 2016.

The Eleventh Circuit decided Beeman on September 22, 2017, while Petitioner's § 2255 Motion was still pending. The Eleventh Circuit later denied the petition for rehearing en banc , 871 F.3d 1215 (11th Cir. 2018), and the Supreme Court denied the petition for writ of certiorari. Beeman v. United States, --- U.S. ----, 139 S.Ct. 1168, 203 L.E.2d 211 (2019).

Petitioner even concedes in his § 2255 Motion that it is unclear from the record whether the Court relied on the residual clause or the elements clause, or both, in finding that his prior aggravated assault convictions qualified as violent felonies. See Doc. No. [86], p. 3 n.9.