HONORABLE STEVE C. JONES, UNITED STATES DISTRICT JUDGE
This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 (" § 2255 Motion"). Doc. No. [111].[1]
I. BACKGROUND
On May 28, 2008, a jury convicted Petitioner Larry Robinson ("Petitioner") of the crime of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Doc. No. [38]. Normally, a conviction for being a felon in possession of a firearm and ammunition carries a statutory maximum sentence of ten years imprisonment. See 18 U.S.C. § 922(g), § 924(a)(2). The Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), however, carries an enhanced penalty of at least fifteen years imprisonment if a defendant has three or more prior convictions that *1332 qualify as either a "violent felony" or "serious drug offenses." See 18 U.S.C. § 924(e). At the time of Petitioner's sentencing, the ACCA defined a "violent felony" as follows:
[A]ny crime punishable by imprisonment for a term exceeding one year ... that-
i. has as an element the use, attempted use, or threatened use of physical force against the person of another; or
ii. is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another ...
Id. The first prong of that definition, § 924(e)(2)(B)(i), is referred to as the "elements clause." Mays v. United States, 817 F.3d 728, 730-31 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is referred to as the "enumerated offenses clause"; and the second part is referred to as the "residual clause." Id.
At his sentencing hearing on October 16, 2008, the Court found that Petitioner qualified for an enhanced sentence under the ACCA due, in part, to his two prior convictions for possession of cocaine with the intent to distribute, his prior conviction for aggravated assault and burglary, and his prior conviction for burglary.[2] See Doc. No. [47]. The Court consequently imposed a sentence of 235 months imprisonment and five years on supervised release.[3] Id.
On June 26, 2015, the United States Supreme Court held in Johnson v. United States, 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (" Johnson"), that the ACCA's residual clause is unconstitutionally vague. And on April 18, 2016, the Supreme Court held that the Johnson decision is retroactively applicable to cases on collateral review. See Welch v. United States, 578 U.S. ----, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016). Notably, however, the other clauses in the ACCA remain in effect after Johnson, and a predicate offense that qualifies as a violent felony under the other clauses of the ACCA is not affected by Johnson . See United States v. Tinker, 618 F. App'x 635, 637 (11th Cir. 2015) ("Tinker's predicate offenses appear to qualify as violent felonies under the 'elements' clause in § 924(e)(2)(B)(i), rather than the 'residual' clause in § 924(e)(2)(B)(ii), and thus Tinker's classification as an armed career criminal does not appear to be affected by Johnson .").
On August 25, 2016, Petitioner filed this Johnson-related § 2255 Motion.[4] Doc. No. [111]. Petitioner asserts that, after Johnson, his 235-month prison sentence imposed under the ACCA is unconstitutional.
*1333 Specifically, Petitioner argues that Johnson invalidates his ACCA sentence because when he was sentenced in 2008, his Georgia convictions for aggravated assault and burglary qualified as violent felonies under the residual clause of the ACCA. Petitioner also argues that his aggravated assault conviction is not a violent felony under the enumerated offenses clause because assault is not included in that list of crimes. And finally, Petitioner argues that his convictions for aggravated assault and burglary do not qualify as violent felonies under the elements clause. Consequently, Petitioner asserts that he is no longer, by law, an armed career criminal because his convictions for aggravated assault and burglary no longer qualify as ACCA violent felonies.[5] In response to Petitioner's § 2255 Motion, the Government filed a Motion to Dismiss Petitioner's § 2255 Motion on September 26, 2016. Doc. No. [114]. The briefing process for both motions is complete[6] , and the Court finds that these matters are ripe for resolution.[7]
II. DISCUSSION
To prove a Johnson claim, Petitioner must establish that his sentence enhancement under the ACCA "[t]urned on the validity of the residual clause." In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016). In other words, Petitioner must show that the residual clause actually adversely affected the sentence he received. Id. Only if Petitioner would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. Beeman v. United States, 871 F.3d 1215, 1221 (11th Cir. 2017). That will be the case only:
(1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson ) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.
Id.
In Beeman[8] , the Eleventh Circuit reiterated the longstanding principle that, *1334 like any other § 2255 petitioner, a Johnson § 2255 petitioner must prove his claim. Id. at 1221 ; see also Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015) (holding that a petitioner bears the burden to prove the claims in a § 2255 motion). Thus, a petitioner who challenges his ACCA sentence under Johnson must show that, more likely than not, "it was the use of the residual clause that led to the sentencing court's enhancement of his sentence." Beeman, 871 F.3d at 1221-22. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to the use of the residual clause." Id. at 1222.
A § 2255 petitioner can prove that the sentencing court relied on the residual clause in two ways. First, a petitioner can point to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to the application of the ACCA in that case." Id. at 1224 n.4. Alternatively, absent direct evidence, there will:
sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR [Presentence Investigation Report], which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to the other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others.
Id. A § 2255 petitioner may also circumstantially prove that the ACCA sentence relied on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at 1224 n.5 (emphasis added).
In his § 2255 Motion, Petitioner states, in a conclusory fashion, that the residual clause was a "potential basis" for his enhanced sentence under the ACCA. Doc. No. [111], p. 2. Yet there is nothing in the record that either directly or indirectly supports this contention. Rather, Petitioner only asserts in general terms that the residual clause has historically been used as a "default home" for many state statutes-including the Georgia aggravated assault statute and burglary state-under the ACCA. Id. at p. 6. These general observations, however, are not enough to satisfy Petitioner's burden of establishing that he, in fact, was sentenced as an armed career criminal solely because of the residual clause. See Beeman, 871 F.3d at 1224. Thus, Petitioner's § 2255 Motion is due to be dismissed because he fails to carry his burden of proof. See Beeman, 871 F.3d at 1225. Specifically, Petitioner fails to prove that it was more likely than not that he was in fact sentenced as an armed career criminal under the residual clause. See Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001) ("Where, as here, the evidence does not clearly explain what happened ... the party with the burden loses.").[9]
*1335 Moreover, the Court also finds that Petitioner is not entitled to a certificate of appealability. A petitioner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. See 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id."A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) ; see also Hamilton v. Sec'y, Fla. Dep't of Corr., 793 F.3d 1261, 1266 (11th Cir. 2015) (holding that "no [certificate of appealability] should issue where the claim is foreclosed by binding circuit precedent because reasonable jurists will follow controlling law.") (internal quotations omitted). Petitioner has not made the requisite showing in these circumstances. Therefore, the Court declines to issue a certificate of appealability to Petitioner.
III. CONCLUSION
For the reasons discussed above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, is DENIED. Doc. No. [111]. The Government's Motion to Dismiss Defendant's 28 U.S.C. § 2255 Motion is therefore GRANTED. Doc. No. [114]. The Court also declines to issue a certificate of appealability to Petitioner pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is hereby DIRECTED to CLOSE the civil action associated with Petitioner's § 2255 Motion (Civil Action File No. 1:16-cv-03139-SCJ).
IT IS SO ORDERED this 26th day of April, 2019.

All citations are to the docket in 1:08-cr-0005, and all page numbers are those imprinted by the Court's docketing software.

The sentencing transcript indicates that the Court relied on the Presentence Investigation Report ("PSR"), prepared by the United States Probation Office, in determining that Petitioner was an armed career criminal and thus subject to an enhanced sentence under the ACCA. See Doc. No. [59]. The PSR explained that Petitioner was an armed career criminal because he had at least three prior convictions for a " 'violent felony' or 'serious drug offense', including, but not limited to:" aggravated assault and burglary, burglary, and possession of cocaine with the intent to distribute. See Doc. No. [89], ¶ 61.

Petitioner's conviction was subsequently affirmed by the Eleventh Circuit. See United States v. Robinson, 341 F. App'x 546 (11th Cir. 2009) (unpublished).

Petitioner filed his first § 2255 motion on April 8, 2011, which this Court later denied. See Doc. Nos. [71]; [85]. For this reason, Petitioner filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence in the Eleventh Circuit. On July 18, 2016, the Eleventh Circuit granted the application and permitted Petitioner to challenge his ACCA sentence on the ground that in light of Johnson, his burglary and aggravated assault convictions may no longer qualify as "violent felonies." Doc. No. [107]. This Court later gave Petitioner a deadline of August 25, 2016, to file his § 2255 Motion. See Docket Order of July 25, 2016.

Petitioner's prior drug offenses qualify as ACCA predicates because they are "serious drug offenses," as defined in 18 U.S.C. § 924(e)(2)(A). Petitioner concedes that he does not have a basis to contest those predicates. See Doc. No. [111], p. 5 n.16.

Petitioner's § 2255 Motion exceeds the page limitations set forth in the Local Rules. See LR 7.1D, NDGa ("Absent prior permission of the court, briefs filed in support of a motion or in response to a motion are limited in length to twenty-five (25) pages."). The Court will accept this motion as filed but instructs counsel to seek and obtain the Court's permission before filing briefs and motions that exceed the page limits in the Local Rules. Including a request to exceed the page limits in the footnotes of a brief that exceeds the page limits is not, in the Court's view, the proper way to request permission to exceed the page limits. For all future filings, counsel must file a motion to exceed the page limits and wait until the Court grants the motion before filing a brief that exceeds the page limits.

The Court finds that an evidentiary hearing is not necessary. See Futch v. Dugger, 874 F.2d 1483, 1485 (11th Cir. 1989) (noting that an evidentiary hearing is required in a federal habeas case only if the petitioner alleges facts which, if proven, would entitle him to relief).

The Eleventh Circuit decided Beeman on September 22, 2017, while Petitioner's § 2255 Motion was still pending. The Eleventh Circuit later denied the petition for rehearing en banc , 871 F.3d at 1218 (11th Cir. 2018), and the Supreme Court denied the petition for writ of certiorari. Beeman v. United States, 203 U.S. 211, 139 S.Ct. 1168, --- L.Ed.2d ---- (Feb. 19, 2019).

Even without his burglary and aggravated assault convictions, Petitioner remains an armed career criminal with four prior convictions for "serious drug offenses"-possessing cocaine with the intent to distribute. Petitioner does not dispute that he has four prior convictions for serious drug offenses. Rather, he argues that the Court should disregard two of his prior serious drug offenses because the PSR "Chapter Four Enhancements" did not explicitly list those two prior convictions and the Court relied on only the predicates identified there. See Doc. No. [89], ¶ 61. Yet the PSR explained that Petitioner was an armed career criminal because he had at least three prior convictions for a violent felony or serious drug offense, "including, but not limited to ", aggravated assault and burglary, burglary, and possession of cocaine with the intent to distribute. Id. (emphasis added). Thus, Petitioner's four prior convictions for possession of cocaine with the intent to distribute all constitute as "serious drug offenses" for purposes of enhanced sentencing under the ACCA.